Dear Dr. Fields:
I am in receipt of your request for an Attorney General's opinion concerning malpractice coverage for Advanced Nurse Practitioners that are faculty members at McNeese State University. Specifically, you ask the following:
 1. Can the Advanced Nurse Practitioner prepared faculty member (hereinafter referred to as ANP) who is the supervising preceptor for graduate nursing students enrolled in the Master's Degree program at a university be covered for malpractice liability insurance under the State Self-Insured Program (LSA-R.S. 40:1299.39) regardless of the original source of funding when paid in one monthly check by the University to the ANP faculty member?
 2. If the salary donor is paying a percentage of the ANP faculty member's salary to the university and the ANP faculty member is supervising graduate ANP students as a preceptor during that percentage of salary, is the ANP faculty member eligible for coverage under the State Self-Insured Program during the period of supervision?
The State Medical Malpractice Act outlines the scope of malpractice coverage, delineates the individuals covered by its provision and specifies in detail certain other conditions of coverage. LSA-R.S. 40:1299.39 (A) defines "state health care provider" and persons covered for purposes of malpractice liability.
LSA-R.S. 40:1299.39 does not specifically state the coverage a faculty member at a college or university is to receive while supervising students. However, it does appear that a faculty member would be provided medical malpractice coverage while supervising interns, residents and students during the course and scope of their training. LSA-R.S. 40:1299.39 (A)(1)(a)(iii) states the following:
A. As used in this part:
 (1)(a) "State health care provider" or "person covered by this part" means:
 (iii) A resident, intern, or student of, or any person who is otherwise qualified in any discipline, including but not limited to, the disciplines listed in this subsection when he is acting within the course and scope of the training or staff appointment in and under the supervision of a state hospital or other health care facility to which he is assigned as a part of his prescribed training in such discipline without regard to where the services are performed.
In your opinion request, you discuss the workload of your faculty members and the origin of their salaries. You indicate that the faculty members will serve as preceptors of the graduate nursing students enrolled in McNeese College of Nursing Advanced Nurse Practitioner program as many as four out of live days per week with the fifth day being spent in the classroom. You also indicate that one practice model involves a workload and salary split of two-thirds for the University and one-third for a private physician. You state that you have been told that even though two-thirds of a faculty member's salary comes from the university budget, that a faculty member will not be covered for malpractice liability by the State Self-Insured Program for any of the five days of work. You also state that all other non-ANP faculty are covered for liability by the self-insured program in the course of teaching and supervising student experiences in outside hospital or clinic agencies regardless of the original source of income.
First, the source of funds used to pay for a faculty member's salary has no bearing on whether the faculty member will be covered by the State Self-Insured Program. In Attorney General Opinion 88-368 the author of the opinion concluded that the fact that other providers do not receive renumeration directly from the state is not a barrier to their being afforded coverage under Section 1299.39.
You discuss the licensure requirements for the new advanced practice nurse practitioners. In addition to the "regular" registered nurse licensure, these advanced nurse practitioners must hold a second licensure as ANPs. One license is issued by the Louisiana State Board of Nursing and the other is issued by a nationally recognized certifying agency. You state that a faculty member who wants to obtain this second license must practice in a health care setting for approximately 500 to 600 hours per year. You also state that a MD who is a fellow of a specialty school has to obtain two licenses and has to practice in a health care setting. You assert that all non-ANP certified "regular" faculty including MDs who are fellows are covered and therefore, all ANPs should be covered as well.
During a telephone conversation, you indicated that the ANPs not only observe the students but they also work with the patients and obtain the required hours they need for their national license. It would appear that faculty members that are assigned to teach at colleges and universities in the state and that are assigned to supervise residents, interns or students would be covered as a supervisor under the theory of respondeat superior. As defined in Black's Law Dictionary, respondeat superior means:
 Let the master answer. This maximum means that a master is liable in certain cases for the wrongful acts of his servant, and a principal for those of his agent. Under this discipline master is responsible for want of care on servant's part toward those to whom master owes duty to use care, provided failure of servant to use care occurred in course of his employment. . . .
However, the theory of respondeat superior would not cover a faculty member who is treating patients. Perhaps MDs who are fellows would be covered while treating patients during the course and scope of their training due to the fact that such treatment of patients is still part of their training. Nurses and ANPs would also be covered while treating patients during the course and scope of their training because such training is part of their curriculum. It is irrelevant whether the patients they are treating are state hospital patients or patients of private physicians.
This is not the case with faculty members who are treating patients of a private physician. The situation you have described in your opinion request involves McNeese students working for private physicians, not for state hospitals. The money earned is not being deposited in a state fund, it goes to the private practitioners. If the ANPs were volunteering their services to a state hospital pursuant to LSA-R.S. 40:1299.39 (A)(1)(iv)(aa) perhaps coverage would be provided.
In response to your questions, an ANP can only be covered if the ANP is merely observing the students and not participating in a patient's treatment. Please remember, this does not apply to an ANP treating a patient at a state hospital pursuant to LSA-R.S.40:1299.39 (A)(1)(a)(iv)(aa). I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ BETH CONRAD LANGSTON Assistant Attorney General